| 50 | 85 |
| 61 | 469 |

THE STATE, CHARLES HOLZWORTH, PROSECUTOR, v. THE BOARD OF HEALTH OF THE CITY OF NEWARK.

The Essex Pleas has no jurisdiction to hear an appeal from the judgment of a police justice in a suit for a penalty for violating an ordinance of the board of health.

---

On *certiorari*.

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the defendant, *John R. Hardin*.

For the plaintiffs, *W. H. Conover* and *Samuel J. McDonald*.

The opinion of the court was delivered by

VAN SYCKEL, J.    This action was brought before a police justice at the city of Newark to recover a penalty for the violation of an ordinance of the board of health under act of 1886.    *Pamph. L., p.* 289, § 23.

The conviction before the police justice was taken by appeal to the Essex Pleas and there affirmed.    The case is certified to this court for review of these proceedings.

Will an appeal lie in such case to the Essex Pleas?

The proceedings authorized by the twenty-third section of the act of 1886 are summary.

There is no appeal from the judgment of a police justice to the Common Pleas unless it is granted by statute.

The fiftieth section of the Newark charter gives police justices jurisdiction in civil cases only where action is for recovery of a penalty for violating a city ordinance.

Section 56 provides that there may in such case be an appeal as in case of civil suits before justices of the peace.

This right of appeal is thus restricted to suits for violation of a city ordinance.

Does the grant of jurisdiction to police justices to try in a summary way a violation of an ordinance of the board of health carry with it by implication the right of appeal to the Common Pleas?    I cannot see how it does.    The power exercised by the police justice, being a special statutory power, is circumscribed within the limits defined by the legislative act.    What is not granted thereby is withheld.

The words in the twenty-third section—"unless an appeal be granted"—may lead to the inference that the draftsman of the law supposed there might be an appeal by some proceeding, but they do not give the right of appeal to the Pleas, if it did not exist without them.

There is no other language in the act relating to an appeal. The Essex Pleas, therefore, was without jurisdiction to hear the case on appeal.

The judgment of the Essex Pleas should be set aside, and the case remitted there, and the appeal dismissed in that court.