THE STATE, LUIGI RAFFETTO, PROSECUTOR, v. WILBUR S. MOTT, JUDGE OF THE FIRST CRIMINAL COURT OF THE CITY OF NEWARK, ET AL.

A city ordinance passed under a legislative power which is granted in definite and precise terms will not be set aside as unreasonable.

On *certiorari.*

Argued at February Term, 1897, before Justice GUMMERE, by consent of counsel.

For the prosecutor, *James M. Trimble.*

For the defendants, *Herbert Boggs.*

The opinion of the court was delivered by

GUMMERE, J.    The writ in this case brings up for review the conviction of the prosecutor for violating the ninth section of an ordinance of the city of Newark, approved January 8th, 1895, entitled "An ordinance relating to weights and measures," &c.    The section violated reads as follows : " No merchant, retailer, trader, dealer, hawker or peddler shall sell in the city of Newark any fruit, vegetable or nut from cups, cans or other receptacles other than sealed dry measures sealed by the city sealer, except when such fruit, vegetable or nut is sold in its original receptacle, under a penalty of five dollars for the first offence and twenty dollars for each subsequent offence."

The prosecutor contests the legality of his conviction on the ground that the provision of the ordinance under which it was had is invalid.    Three reasons are relied upon as supporting this contention, viz., that the city of Newark was without power to pass such an ordinance ; that the ordinance is unreasonable ; that it is uncertain.

None of these reasons, however, seem to me to have any substance.    The power of the city to pass the ordinance is ample.    Section 2 of the act of March 17th, 1881 (*Gen. Stat., p.* 3751), provides what the standard of dry measure shall be.    Section 31 of the charter of the city of Newark, subdivision 27 (*Pamph. L.* 1857, *p.* 134), authorizes the common council to pass ordinances " to regulate weights and measures in conformity with the weights and measures established by law, and to require every merchant, retailer, trader and dealer in merchandise or property of any description, which is sold by measure or weight, to cause his or her weights and measures to be sealed by the city sealer, and to be subject to his inspection."    That this charter provision empowers the city of Newark to prohibit the sale of fruit, vegetables or nuts from any measure which is not standard, is too plain for argument.    And this is what the ordinance in question does. Its manifest intention is to prevent the use of vessels of varying capacity as measures, in the sale of merchandise when sold

by measure instead of by weight. And not only is the city authorized by its charter to pass ordinances to regulate weights and measures and to require every dealer in merchandise which is sold by measure or weight to cause his weights and measures to be sealed by the city sealer, but it is also empowered, by the thirty-third section of its charter, to impose a penalty for the violation of such ordinance by a fine not exceeding $50.

What has been said with regard to the power of the city to pass the ordinance which has been challenged also disposes of the objection that it is unreasonable, for when an ordinance has been passed by a municipal body, under a legislative power which is granted in definite and precise terms, such ordinance cannot be set aside as unreasonable. *Haynes* v. *Cape May*, 21 *Vroom* 55. But even if it had been considered that the legislative power under which this ordinance was passed was general and indefinite, and that its reasonableness could therefore be inquired into by the court, the result would have been the same, for it was plainly passed for the protection of the public and is a proper exercise of the police power.

The alleged uncertainty in the ordinance is said to exist in its failure to define what is meant by the expression "original receptacle." In my opinion, this expression, taken in connection with the context in which it appears, defines itself. The original receptacle is the box, can or other receptacle in which the merchandise originally came to the hands of the dealer.

The judgment brought up by the *certiorari* should be affirmed, with costs to the defendants.