LUCY PETERSON, PROSECUTRIX, v. MAYOR AND COUNCIL OF THE BOROUGH OF PALISADES PARK ET AL., RESPONDENTS.

Argued January 22, 1941—Decided September 16, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutrix, *Morrison, Lloyd & Morrison* (*William J. Morrison, Jr.,* of counsel).

For the defendants, *Eisenstein & Eisenstein* (*Louis Eisenstein,* of counsel).

The opinion of the court was delivered by

HEHER, J.  Prosecutrix complains of the action of the Board of Adjustment of the Borough of Palisades Park,

recommending to the governing body the denial of her application for a variance from the use limitations of the local zoning ordinance to permit of the construction of a "drive-in" gasoline station on her lands situate at the southeast corner of Broad and Ruby Avenues, in that borough, and the concurrence of the governing body therein.

These are the circumstances: The plot in question, generally rectangular and unimproved, has a frontage of 101.08 feet on Broad Avenue and a frontage of 58.45 feet on Ruby Avenue. Two brothers of prosecutrix have for twelve years conducted an automobile accessories store and service station, and in connection therewith have operated three "curb" gasoline pumps, on the west side of Broad Avenue, directly opposite her lands. It is said that the proposed "drive-in" service station on prosecutrix' lands is to be "a substitute for these curb pumps," and it is not therefore to be considered "a new and additional gasoline station on Broad Avenue," but rather as a mere "change from a 'curb station' to a 'drive-in' station, identical in location in every respect except that it is on the opposite side of Broad Avenue"—a use that will serve the essential public interest, since it will contribute substantially to the freer movement of traffic and be much less hazardous.

Prosecutrix' lands are situate in a district zoned for "trade or business," defined as the "selling or dealing in goods, wares and merchandise or property of any kind, either at wholesale or retail," and kindred uses not here pertinent. There is, however, this specific provision: "On Broad Avenue, no premises shall be used and no buildings shall be erected which are arranged, intended, designed or contemplated to be used for a 'filling station' or 'gas station.'" And there is a saving clause covering "non-conforming" buildings "under construction or the plans of which have been filed with the inspector of buildings and approved by him within three months prior to the passage" of the ordinance, "provided the same is completed within six months from the date" thereof.

The zoning ordinance was enacted on June 27th, 1939. Three days prior thereto, and apparently in anticipation thereof, prosecutrix' brothers, with her written consent, made

application to the building inspector for a permit to erect a gasoline service station on the premises in question, and to install three gasoline pumps thereon; and the permits were granted forthwith. There was no construction thereunder, and nothing further was done until May 17th, 1940, when prosecutrix applied to the building inspector for a permit to "build a drive-in gasoline service station" on the premises. The application was denied on the ground that it would contravene the cited provision of the zoning ordinance; and thereupon the petition for a variance was addressed to the Board of Adjustment.

The contention is that a literal enforcement of the ordinance will result in "unnecessary hardship" to prosecutrix, in that "the effort" of prosecutrix "and her brothers to make this change for the safety and accommodation of the public and of their own customers, and to increase their business, will be frustrated;" that "there are stores and apartments on the west side of Broad Avenue opposite" prosecutrix' "lot, and it is necessary or at least advisable that these three curb pumps be taken away from that congested location," and "it is an unnecessary hardship to deny Meyer Brothers" (prosecutrix' brothers) "the right to make this improvement;" and that "it is an unnecessary hardship to deny" prosecutrix "the use of her lot for the purpose for which she apparently bought it and for which it is most suitable." The further argument is made that, since there are six other gasoline stations "within about six hundred feet," and "so many garages" are located nearby, the plot "is probably better fitted for garage purposes than for any other purpose for which" prosecutrix "might seek to use it." It is also said that "six months is an unreasonably short time for the completion of a station of this sort, under present unsettled business conditions," and "there is no apparent reason why a station erected within six months should be permitted while one erected a little later should not be permitted." We find these points to be without substance.

Considerations of safety and general convenience enter largely into the regulation of gasoline service stations; and, unless the denial of such use is indubitably arbitrary, this

court may not intervene and substitute its judgment for that of the local agency entrusted with the *quasi*-judicial function of determining such issues. *Brandon* v. *Board of Commissioners of Montclair,* 124 *N. J. L.* 135; *affirmed,* 125 *Id.* 367; *Vogel* v. *Board of Adjustment,* 121 *Id.* 236; *Schnell* v. *Township Committee of Ocean Township,* 120 *Id.* 194; *Phillips Oil Co.* v. *Clifton,* 120 *Id.* 13; *Amon* v. *City of Rahway,* 117 *Id.* 589; *Essex Investment Co.* v. *Board of Commissioners,* 14 *N. J. Mis. R.* 181; *Levine* v. *Board of Adjustment,* 6 *Id.* 548; *Schail* v. *Senior,* 97 *N. J. L.* 390. There is a presumption in favor of the validity of the action of the local authority; and the burden is on the landowner to establish by evidence that the denial is arbitrary. *Silvester* v. *Princeton,* 104 *Id.* 18.

Here, the landowner did not sustain the *onus* thus resting upon her. She adduced no evidence before the Board of Adjustment to establish her asserted right to a variation from the terms of the ordinance; and there was therefore no jurisdiction in that tribunal to grant the relief thus sought. The depositions taken after the allowance of the writ herein do not serve prosecutrix in this behalf. *Cook* v. *Board of Adjustment,* 118 *N. J. L.* 372; *Amon* v. *Rahway, supra; St. Mary's Church* v. *Board of Adjustment,* 14 *N. J. Mis. R.* 288; *Shaiman* v. *Mayor, &c.,* 15 *Id.* 437; *Fonda* v. *O'Donohue,* 109 *N. J. L.* 584; *Schnell* v. *Township Committee, supra.*

Moreover, in the assignment of reasons to support the claimed variation, prosecutrix evinces a misapprehension of the governing principles. The Board of Adjustment and not the landowner is chargeable with the responsibility of determining whether the statutory prerequisites have been met, and what is required to serve the public need. It is not a good ground for a variance that the non-conforming use will be more profitable or advantageous to the landowner. *Brandon* v. *Board of Commissioners of Montclair, supra; Scaduto* v. *Bloomfield,* 127 *N. J. L.* 1. And the evidence adduced in this court furnishes ample support for the finding below that "there are more than sufficient gasoline stations on Broad Avenue to adequately serve the public need," and that in other particulars the public interest would not be served by

the making of this variation.  The disapproving action is well-grounded in reasons of public safety, traffic mobility and land use.  There is manifestly no merit in the point that the period limited for the exercise of the authority conferred by outstanding permits is unreasonable.

The writ is accordingly dismissed, with costs.