BERGEN COUNTY COURT OF COMMON PLEAS.

BOARD OF HEALTH OF THE BOROUGH OF EAST RUTHER-
FORD, PLAINTIFF-APPELLEE, v. SYDNEY LOBSENZ, DE-
FENDANT-APPELLANT.

Decided August 29, 1945.

For the plaintiff-appellee, *Albert V. D'Amato.*

For the defendant-appellant, *Meyer Lobsenz* and *John R. Merrey.*

DEL MAR, C. P. J. The above-entitled matter, the papers in which have been variously and erroneously entitled Josephine Cappadona, Plaintiff, v. Sydney Lobsenz, Defendant, and the State of New Jersey, Prosecutor, v. Sydney Lobsenz, Defendant, having come on for hearing in the presence of the above-named attorneys, the plaintiff-appellee (hereinafter called plaintiff) moved for a dismissal on the ground that the Court of Common Pleas had no jurisdiction to hear the appeal.

The defendant-appellant (hereinafter called defendant) was charged with a violation of article I of the Sanitary Code adopted by the Board of Health of the Borough of East Rutherford. The penalty fixed in the code for the violation

of article I is: "Not less than two dollars nor more than one hundred dollars," to be paid as a penalty by the person violating said article. The procedure for the collection of the penalty is provided for in *R. S.* 26:3–72; *N. J. S. A.* 26:3–72, which includes, among other remedies, a suit of the local board before the recorder of the municipality. The procedure provided for in the foregoing and subsequent sections of the statute is a civil suit, resulting, in case of a conviction of the defendant, in a judgment in favor of the board of health, the judgment to be collected by execution if unpaid, with a provision that the same may be docketed in the Court of Common Pleas and the penalties recovered shall be paid by the local board into the treasury of the municipality within which the local board has jurisdiction. (See *R. S.* 26:3–73 to *R. S.* 26:3–82; *N. J. S. A.* 26:3–73 to *N. J. S. A.* 26:3–82.)

There is no provision for any appeal or review nor is any mentioned in the statute, except in *R. S.* 26:3–77; *N. J. S. A.* 26:3–77, which provides that execution shall issue against the goods, &c., of the defendant "unless an appeal is granted." This language is the same as that contained in *Pamph. L.* 1886, *p.* 289, § 23, which act was construed by the Supreme Court in *Holzworth* v. *The Board of Health of the City of Newark,* 50 *N. J. L.* 85; 11 *Atl. Rep.* 131, wherein it was decided that the aforesaid words do not give the right of appeal to the Pleas, if it did not exist without them.

To the same effect is *Board of Health* v. *Union Common Pleas,* 83 *N. J. L.* 392; 85 *Atl. Rep.* 217, also decided by the Supreme Court.

The defendant has referred me to various statutes, particularly *R. S.* 2:215–7; *N. J. S. A.* 2:215–7, as authorizing this appeal, none of which, however, relate to ordinances of a board of health. The cited statute was considered by me in the case of *Borough of Ramsey* v. *Basil,* 19 *N. J. Mis. R.* 555; 21 *Atl. Rep.* (2*d*) 860, in which I held that it did not authorize a review before me where the proceeding before the magistrate was in the nature of a civil suit. *A fortiori* it does not apply to a suit for a penalty brought before a recorder for an alleged violation of an ordinance of the Board

of Health where the statute, as in this case, provides that the suit to collect the penalty is a civil suit.

No statute having been called to my attention authorizing an appeal to this court, or before me as a judge thereof, and I having found none, I hereby determine that this court, and I as a judge thereof, are without jurisdiction to hear it, and the same is on motion of the plaintiff hereby dismissed.