ARNOLD A. HART, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ARCHIBALD C. HART, AND GRACE IRA, PROSECUTORS-APPELLANTS, v. TOWNSHIP OF TEANECK, RESPONDENT-RESPONDENT.

Submitted October 1, 1946—Decided January 17, 1947.

For the prosecutors-appellants, *George F. Losche.*

For the respondent-respondent, *Donald M. Waesche.*

The opinion of the court was delivered by

WACHENFELD, J. This appeal brings up for review an ordinance of the respondent adopted September 20th, 1945, entitled "An Ordinance Regulating the Opening and Closing of Lunch Wagons Within the Limits of the Township of Teaneck." The appellants attack the constitutionality of the ordinance and the order of the Supreme Court dismissing a writ of *certiorari.*

The ordinance in section 1 provides as follows:

"All lunch wagons or places in which food is served to the public, commonly known as lunch wagons, shall be closed to the public, and business therein is prohibited, after the hour of one a. m. and before the hour of seven a. m. on all days."

The appellants are respectively the owner and lessee of a lunch wagon in Teaneck, New Jersey, conducting substantial night and day business. It is located in a district zoned for business. There are no ordinances restricting the hours of restaurants other than the ordinance herein concerned, but there is an ordinance which closes establishments selling intoxicants at two A. M. on week days and three A. M. on Saturday nights.

Of the four lunch wagons in Teaneck, two close voluntarily before one A. M. and two remain open all night. There are numerous bar restaurants where alcoholic beverages and food

are sold after one A. M. The appellants receive from a nearby night club which closes at two A. M. a great deal of business during the hours of two and four A. M. During that period noise emanated from the lunch wagon and people were seen leaving and thereafter urinating and vomiting in front of the establishment. Others ate their food in automobiles at the street curb and when finished threw uneaten portions of food, paper plates, napkins and broken dishes on the sidewalk and on the lawns of nearby property owners. However, the police never found disturbances sufficient for any action.

The power of municipal governing bodies to pass ordinances relating to the regulation of restaurants and other eating places is expressly conferred by *R. S.* 40:52–1. Similarly, *R. S.* 40:48–2 provides any municipality may make any ordinance as it may deem necessary and proper for the good government, order and protection of persons and property and for the preservation of the public health, safety and welfare of the municipality and its inhabitants.

A municipal corporation is a creature of the legislature, with no inherent jurisdiction to make laws, but is a government of enumerated powers acting by delegated authority which must be exercised in a reasonable manner. The power conferred on municipal corporations by the state legislature is limited; its exercise must be directed to the protection of a basic interest of society and "* * * the means employed in its exercise have a rational relation to that end, and be altogether free from arbitrariness. The restraints and regulations imposed for the general good and welfare must needs have the virtue of reasonableness." *N. J. Good Humor, Inc., v. Bradley Beach,* 124 *N. J. L.* 162, 168.

This state has taken the lead in permitting the regulation of closing hours of different types of business, but the court has repeatedly pointed out the necessity of a reasonable basis for their regulation, free from discrimination. *Falco* v. *Atlantic City,* 99 *N. J. L.* 19 (barber shop); *Wagman* v. *Trenton,* 102 *Id.* 492 (public auctions); *Spiro Drug Service* v. *Union City,* 130 *Id.* 1; *affirmed,* 130 *Id.* 496 (drug store); *Starkey* v. *Atlantic City,* 132 *Id.* 27 (drug store); *Amodio* v. *West New York,* 133 *Id.* 220 (barber shop). In *Crawford's*

*Clothes, Inc.,* v. *Newark,* 131 *Id.* 97, the Supreme Court considered a municipal ordinance which established closing hours for all retail establishments except restaurants, drug stores, delicatessen stores, &c. The ordinance was declared void since the distinctions sought to be made were arbitrary and also that some stores which were permitted to remain open sold articles which other stores closed by the ordinance ordinarily sold. Discrimination was held to be a fatal defect. The same principle had been enunciated in *Siciliano* v. *Neptune,* 83 *Id.* 158, where the court nullified an ordinance which discriminated against vehicles in the delivery business owned by express companies.

The appellants attack the instant ordinance on the basis that it unreasonably discriminates against lunch wagons and is, therefore, in violation of article 1, paragraph 1, New Jersey Constitution, and section 1, Fourteenth Amendment, United States Constitution.

In Teaneck restaurants and eating places of all kinds are free to open or close at will throughout the span of twenty-four hours, but this ordinance prohibits them from doing so if they are housed in so-called lunch wagons. The fact that no such establishments, apart from lunch wagons, remain open all night is immaterial. The validity of the ordinance is to be tested not by what is actually done but by what it permits to be done. Voluntary compliance with a discriminatory ordinance contributes nothing to its validity. *Cf. State* v. *Klapprott,* 127 *N. J. L.* 395, where the court said a statute "must be judged according to its weakness rather than its strength."

Lunch wagons as purveyors of food do not differ substantially from restaurants in general. The method of service or the structure itself may induce a more informal atmosphere, but that can hardly be the basis for the distinction sought to be made. There is nothing peculiar to this type of establishment from which these annoyances arise. Rather, they are founded in the late hours and probably would occur at all eating places remaining open during that period.

The instant ordinance is discriminatory and unreasonable in failing to include within its terms other establishments in

the nature of restaurants. "Special burdens are often necessary for general benefits; and if the restrictions operate alike upon all persons and property under the same circumstances and conditions, there is no just ground of complaint. The legislation which, 'carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated,' is not within the Fourteenth Amendment." *Amodio* v. *West New York, supra* (at *p.* 226). As in *Crawford's Clothes, Inc.,* v. *Newark, supra,* the appellant merchant finds himself discriminated against in favor of a competitor.

The ordinance being invalid, judgment below is reversed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, PERSKIE, RAFFERTY, FREUND, JJ. 6.

*For reversal*—THE CHANCELLOR, WACHENFELD, EASTWOOD, WELLS, DILL, MCGEEHAN, MCLEAN, JJ. 7.