29 N.J. Super. 61 (1953)
101 A.2d 617
BOARD OF HEALTH, BOROUGH OF HILLSDALE, PLAINTIFF-APPELLANT,
v.
TANDY & ALLEN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND GORDON HALL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Bergen County Court Law Division.
Decided December 10, 1953.
*63 Mr. Warren Dixon, Jr., attorney for the plaintiff-appellant.
Mr. Maurice C. Brigadier, attorney for the defendant-respondent Tandy & Allen, Inc.
DEL MAR, J.C.C.
From a judgment of the Municipal Court of the Borough of Hillsdale dismissing 16 complaints against the defendants, the Board of Health of the Borough of Hillsdale has appealed to this court. There is no formal return by the magistrate of said court, but no objection was made to this informality. Defendants moved for a dismissal of the appeal on the ground that this court has no jurisdiction to hear the same on the merits.
From an examination of the opinion rendered by the magistrate and a stipulation of facts signed by the attorneys for all the parties, it appears that the board of health filed 16 complaints charging violation of the provisions of the plumbing code adopted by the said board. The defendants moved to dismiss the complaints on the ground that they were not filed within one year as provided by N.J.S.A. 2A:14-10(d). These motions were granted. At the hearing of the motions all parties stipulated that there had been no act done by the defendants within a period of one year prior to the filing of any of the complaints which would subject any of the defendants to any liability for any claim asserted, and that the board of health does not assert any violation of the provisions of its plumbing code within one year of the date of filing the complaints. The learned *64 magistrate held that the aforesaid statute of limitations applied and thereupon dismissed the complaints.
The statute of limitations is a matter of defense and the court has no power to invoke the statute until there has been a hearing on the facts which are the subject matter of the complaint. The stipulation agreed to by counsel, in my judgment, constituted an offer to prove offenses against the defendants occurring more than one year before the filing of the complaints and the magistrate's decision, in effect, was to hold that, assuming such evidence was offered, the judgment must go for the defendants because of his opinion that the aforesaid statute of limitations applied, and that even if the board of health proved the facts which it offered to prove, there could be no conviction. If the proceeding was simply for the purpose of deciding the validity of the complaints, i.e., whether or not they alleged that the offenses were committed within a period not covered by any statute of limitations, there would not have been any reason for the parties to stipulate any facts. I think the correct form of the judgment should not have been a dismissal of the complaints, but a judgment of acquittal for the defendants. I will accordingly treat it as such.
The matter of appeal is purely statutory. In cases of this class there is not, either by the common law or by virtue of any constitutional provision, any substantive or vested right to an appeal. The meritorious question to be decided by me is whether upon such a judgment of acquittal an appeal would lie to this court. This court, of course, is bound by all applicable decisions of any of the appellate courts. A brief history of proceedings under the health statutes would not be amiss.
Under R.S. 26:3-77, which is the only section of the title, Health & Vital Statistics, referring to an appeal, it was held that there was no appeal to the former Court of Common Pleas. See Bd. of Health of the Twp. of Cranford v. Union County Common Pleas Court, 83 N.J.L. 392 (Sup. Ct. 1912); Holzworth v. Bd. of Health of the City *65 of Newark, 50 N.J.L. 85 (Sup. Ct. 1887); Bd. of Health of the Borough of East Rutherford v. Lobsenz, 23 N.J. Misc. 293 (Com. Pl. 1945).
The present County Courts succeeded to the jurisdiction of the former Court of Common Pleas and other courts. The Constitution of 1947 also conferred upon the County Court such other jurisdiction consistent with this Constitution as may be conferred by law. It was also provided that the jurisdiction of the County Courts, and of the judges thereof, may be altered by law. N.J. Const. 1947, Art. VI, Sec. IV, paragraphs 1 and 4.
At the time of the adoption of the Constitution of 1947 there were in effect various statutes giving the Court of Common Pleas, or the judges thereof in their different capacities, various powers to hear numerous matters by way of review or de novo. None of these applied to a civil proceeding to recover a penalty for the violation of a local ordinance. See Bd. of Health of the Borough of East Rutherford v. Lobsenz, supra.
In this state of affairs the Legislature enacted N.J.S.A. 2A:3-6 conferring upon County Courts jurisdiction "to hear, determine and review any judgment in any cause, other than a civil cause, in * * * any municipal court." (I have not quoted the inapplicable proviso.) The appellant seeks to invoke this statute as conferring jurisdiction upon the County Court. However, I do not think that the statute applies because, in my judgment, the proceeding is civil in its nature. See Bd. of Health of the Borough of East Rutherford v. Lobsenz, supra. The appellant, however, contends that the proceeding below was criminal and in this view is joined by the defendants. It is certainly the established law under the present Supreme Court that procedurally a case of this kind is to be treated as a criminal case. State v. Yaccarino, 3 N.J. 291 (1949); Bd. of Health of the Twp. of Weehawken v. N.Y. Central R.R. Co., 10 N.J. 294 (1952).
The right to appeal I hold to be a substantive right which can only be granted by virtue of a Constitution or *66 statutory law. It is to be noted in passing that neither the present Supreme Court nor the Appellate Division so far as it has come to my attention, has ever ruled that the Supreme Court has the power to confer jurisdiction upon the County Court. The rules of procedure to be followed in taking the appeal are those promulgated by the Supreme Court. Assuming, arguendo, that the right of appeal to this court is granted by N.J.S.A. 2A:3-6 in cases of this nature, we are met with the further objection that since the appeal is to be considered procedurally as criminal in character, the municipality is barred under the double jeopardy rule. City of Newark v. Pulverman, 12 N.J. 105 (1953). While it is true that the Supreme Court, at page 113, noted that the ordinance then under consideration provided for punishment by imprisonment, fine, or both, and the decision itself is limited to violations of ordinances "such as Newark's zoning ordinance," the major part of the decision is a discussion of the double jeopardy rule both at common law and under the Constitutions.
I find no rule permitting an appeal from a decision of a magistrate acquitting a defendant. If the case is to be considered criminal in its nature, the double jeopardy rule should be applied. See Newark v. Pulverman, supra, the ratione of which, in my judgment, applies with equal force to the case at bar.
The appellant contends that the following rules apply:
R.R. 3:10-1 which, however, limits appeals from magistrates to the county court as therein provided and the only provision is for an appeal from a judgment of conviction.
R.R. 8:11-1 which is also limited to appeals from judgments of conviction.
R.R. 1:2-11 which repeats verbatim Rule 3:10-1 and is, according to a note thereunder contained in the tentative draft thereof, repeated so as "to inform the bar that this de novo type of appeal is not governed by the general rules."
None of these rules are applicable and, in my judgment, the failure to enact a rule of procedure in a case where the *67 defendant has been acquitted is because of the double jeopardy rule applied in Newark v. Pulverman, supra.
The defendant, Gordon Hall, did not appear and was not represented at the hearing; therefore, no disposition is made of his motion.
I do not consider the following cases relied upon by the appellant as being in point: State v. Costa, 20 N.J. Super. 28 (App. Div. 1952), 11 N.J. 239 (1953); State v. Weleck, 10 N.J. 355 (1952); State v. Winne, 21 N.J. Super. 180 (Law Div. 1952).
The motion to dismiss the appeals is accordingly granted.