49 N.J. Super. 44 (1958)
138 A.2d 839
JENNIE DEL VECCHIO, PLAINTIFF-RESPONDENT,
v.
THE MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF SOUTH HACKENSACK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1958.
Decided February 20, 1958.
*46 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Ralph W. Chandless argued the cause for defendants-appellants (Messrs. Chandless, Weller & Kramer, attorneys).
Mr. Emil M. Wulster argued the cause for plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff attacks the validity of an amendment to a municipal ordinance which purports to regulate and license restaurants, lunchrooms and other places where food is sold or offered for sale and which amendment provides as follows:
"In addition to the other regulations, no restaurant, lunch room or other place where food for human consumption is sold or offered for sale for consumption on the premises, shall be carried on where the proposed licensed premises has any window, door, vent, ventilating system or other opening within 15 feet of the property line of any other property, except a public street."
The complaint seeks to declare the amendment void as being unconstitutional since it deprives plaintiff of her property without due process of law, is arbitrary, unreasonable, and capricious.
*47 The plaintiff "for a long period of time" has operated a lunchroom and restaurant business specializing in pizza pies on the ground floor of her premises at 268 Huyler Street, in South Hackensack, which premises conform with the local zoning ordinance. The residential premises next door are occupied by Fred Rossi who testified that the side of plaintiff's building on the ground floor facing his dwelling has five windows, of which three are in the kitchen, one in the men's room and one in the women's room. From his testimony, his building is three feet from the line dividing the two properties and from the plaintiff's window to his window it is 6 feet, 10 inches. Rossi testified that all of the windows are "open day and night" until midnight and sometimes until 2:00 in the morning. He further testified there are three bedrooms in his home on the side that faces the plaintiff's windows and he complains of the noise of pots, pans, dishes and people talking, together with the odors emanating from the plaintiff's restaurant kitchen and toilets. He had complained several times to the police of his inability to sleep and testified that he gets up at 5:30 in the morning to go to his work. It may be inferred that these complaints were one of the reasons that the defendant municipality adopted the amendment to its ordinance which is now under attack.
By virtue of other local ordinances, the plaintiff is required to maintain an open rear yard. The maximum effect of the licensing ordinance as it concerns the plaintiff is to require her to close, and keep closed, the five windows directly opposite the Rossi home and, if the odors from the plaintiff's premises are harmful or obnoxious, to provide a means for their escape through windows or other apertures leading to the street or to the rear yard. There is no evidence as to the distance from the plaintiff's building to the other side property line. If this is more than 15 feet, openings could be made in that wall also, under the amendment.
The plaintiff failed to apply for a license or otherwise comply with the amended ordinance, but instead instituted *48 the present proceeding claiming the amendment to be void. The defendant's answer states that the amended ordinance is a proper regulation in the public welfare in that restaurants are permitted in business areas under the zoning and fire prevention ordinances and health code and that neighbors are entitled to protection from nuisances resulting from open vents in too close proximity to adjoining property.
The amended ordinance was held to be void by the trial judge who stated that the ordinance "is totally unreasonable" as it "goes beyond the power granted by the legislature and beyond the police power granted or inherent in a municipality" and "It is too broad and discriminatory * * *." The present appeal is from the judgment which held invalid that part of the amendment here being challenged.
The defendant municipality bases its argument upon the grounds that the ordinance amendment was valid under the police power as designed to serve the public safety, welfare and other public interests, set up a proper classification, and was not ultra vires or discriminatory in its application to the plaintiff.
The authority of a municipality to adopt an ordinance carries with it the implication that such ordinance must be reasonable. There is a presumption in favor of its reasonableness and the burden of proof is upon the party challenging the ordinance to establish that it has the characteristic of being unreasonable. State v. Mundet Cork Corp., 8 N.J. 359, 370, 371 (1952), certiorari denied, 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. 637; Guill v. Mayor and Council of the City of Hoboken, 21 N.J. 574, 581 (1956); Trenton Horse R.R. Co. v. Inhabitants of City of Trenton, 53 N.J.L. 132, 140 (Sup. Ct. 1890); Raffetto v. Mott, 60 N.J.L. 413, 415 (Sup. Ct. 1897); McGonnell v. Board of Com'rs of Orange, 98 N.J.L. 642, 647 (Sup. Ct. 1923); Peterson v. Mayor and Council of Borough of Palisades Park, 127 N.J.L. 190, 193 (Sup. Ct. 1941). And see New Jersey Constitution, Art. IV, Sec. VII, par. 11; 6 McQuillin, Municipal Corporations (3rd ed. 1949), §§ *49 20.06-20.08, pp. 13 to 20; 37 Am. Jur., Municipal Corporations, § 177, p. 813.
We find the ordinance amendment here under review was not ultra vires, established a proper classification, and was not discriminatory.
The authority of municipal governing bodies to pass and enforce ordinances relating to the licensing and regulation of restaurants and other eating places is expressly conferred by N.J.S.A. 40:52-1(d). Municipalities in the exercise of the authority conferred by R.S. 40:48-2 are permitted to make and enforce other ordinances "for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants * * *." N.J. Good Humor, Inc., v. Board of Com'rs of Borough of Bradley Beach, 124 N.J.L. 162, 170 (E. & A. 1939); Hart v. Teaneck Township, 135 N.J.L. 174 (E. & A. 1946), Annotation, 169 A.L.R. 976 (1947).
Our former Supreme Court in Hart v. Teaneck Township, 134 N.J.L. 422 (Sup. Ct. 1946), had occasion to review an ordinance establishing the closing hours of lunch wagons. In determining that the ordinance there under attack was a reasonable exercise of the police power under N.J.S.A. 40:52-1 et seq., it stated the following:
"Nor is the regulation unreasonable. There is ample evidence in the depositions of the conditions that exist during the early morning hours at this place of business that would warrant municipal action. Loud noises of patrons, rattling of dishes, and other sounds incident to the operation of a lunch wagon repeatedly occurred to the discomfort and disturbance of nearby residents." (134 N.J.L., at page 424)
Although the Hart case was reversed, 135 N.J.L. 174 (E. & A. 1946), it was on the ground that it was an unreasonable classification as it singled out lunch wagons for regulation to the exclusion from the operation of the ordinance of other types of eating places. Nevertheless, it remains as authority that eating places are affected with a public interest so as to be subject to reasonable municipal *50 regulation for the common good, much as was accomplished in the instant case. See also Thorne v. Town of Kearney, 100 N.J.L. 228 (Sup. Ct. 1924), affirmed Thorn v. Casale, 101 N.J.L. 418 (E. & A. 1925).
The governing body of the municipality, in considerations of public policy, is the sole judge of the necessity and reasonableness of their ordinances. Thorne v. Kearney, supra; Budd v. Camden, 69 N.J.L. 193 (Sup. Ct. 1903); Bellington v. Township of East Windsor, 32 N.J. Super. 243, 249 (App. Div. 1954); 5 McQuillin, op. cit., supra, § 18.22, p. 452, § 18.27, p. 467. We are reluctant to substitute our judgment for those in whom the primary discretion has been reposed. The motives personal to the members of the local government should not be considered, 5 McQuillin, op. cit., supra, § 18.27, p. 468, n. 39, the determination having to rest on the situation that the amended ordinance seeks to remedy and its application to the plaintiff. Cf. Isola v. Borough of Belmar, 34 N.J. Super. 544, 552 (App. Div. 1955).
The trial judge, in considering the testimony of Rossi, stated that "no one can maintain a nuisance on his own property to the detriment of his neighbor or the public generally," but nevertheless held the amended ordinance "goes beyond the power granted by the Legislature and beyond the police power granted or inherent in a municipality. It is too broad and discriminatory." It is apparent, from the testimony, that the purpose of the ordinance is the safeguarding of the public health and welfare by protecting neighbors from disturbing noises and noxious or annoying fumes and odors. Any regulation having a reasonable relationship to such objects is sustainable. The amended ordinance bears a substantial relation to the security of the public health and welfare in this community.
We are not prepared to say that the regulation of eating places in the manner provided in the amended ordinance requiring the 15-foot setback from "the property line of any other property" of all portions of such establishments having openings does not equate with the exercise of police *51 power. The burden of establishing that the amended ordinance was unreasonable and arbitrary was on the plaintiff who has failed to meet that burden. It is our opinion that the amended ordinance is a valid general exercise of the police power for the common good.
In determining the effect of the amended ordinance as applied to the plaintiff, we observe that her only witness, a health officer, testified extensively that he had inspected numerous restaurants as to ventilation and the need for the elimination of odors that emanate from restaurants. He said that there were other restaurants in Hackensack and South Hackensack which eliminated odors through a ventilation system of ducts or ventilators in the front or rear of the premises. He conceded that if other ventilation were provided through either the front or rear of plaintiff's premises, her business could continue to operate, but he stated that certain alterations would be necessary. From the proofs it is obvious that the odors can readily be eliminated through the front or rear of the plaintiff's building. With modern air conditioning equipment and the use of ducts, there should be no difficulty in the elimination of the complained of odors and apparently such elimination would meet the requisite health standards. Plaintiff offered no proof that adequate ventilation could not be had through the front and rear of her premises or that compliance with provisions of the ordinance was not possible. We find that the plaintiff has failed to establish that the amended ordinance is unreasonable as applied to her specific restaurant.
The judgment under review is reversed.